CITY OF HENDERSON v. JNO. YOUNG BROWN.

[Abstract Kentucky Law Reporter, Vol. 7—609.]

**Power to Establish Grade in a Street.**

An ordinance of the city of Henderson, that the grading of each part of the streets and road shall be done in compliance with a grade to be established therefor by an engineer to be selected by the council, is invalid, for the legislative power of the council can not be thus delegated. The council must determine the grade and the character of an improvement to be made.

APPEAL FROM HENDERSON CIRCUIT COURT.

February 23, 1886.

OPINION BY JUDGE PRYOR:

The averment in the petition as to the publication of the ordinance is in our opinion sufficient. It is alleged that it was published in the Henderson News, a paper published in the city of Henderson, which newspaper had been selected by the common council to publish the ordinances of the city for that year. The paper had been selected for that purpose and the publication was made in it, and this was a substantial compliance with the provisions of the charter on the subject.

The objection to the petition is involved in the ordinance made part of it, by which "the grading of each part of the streets and road shall be done in compliance with a grade to be established therefor by an engineer to be selected by the council." Such a delegation of legislative power was held to be invalid by this court in the case of *Hyde v. Joyce*, 4 Bush (Ky.) 464. Here is a delegation of power to the engineer to fix the grade and to determine a matter of the utmost importance to the citizen, when that power is vested alone in the city council, upon whom the responsibility alone rests for the passage of measures beneficial to the citizen of the municipality. The determination of the grade by the engineer might ruin the lot adjacent the street improvement; yet here, unaided by the judgment of the city council, his authority or direction as to the grade must control, however great the injury. The council must determine the grade and the character of the improvement, and no court has the power to require the citizen to dispense with the action of the council on the subject, because the judgment of the engineer may have been or is such as the council would in all probability have directed. The ordinance is invalid and the court can not under the curative provisions of the statute dispense with municipal legislation with reference to such improvements for the reason that no injury has been done the party complaining. Mere irregularities in such proceedings could be remedied, but a valid ordinance must be passed before such errors can be corrected. The judgment, therefore, sustaining the demurrer is *affirmed*.

S. S. Sizemore, for appellant.

S. B. & R. D. Vance, & Jno. Young Brown, for appellee.